[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendants Raheb and the Women's Health Center have filed a request to revise the plaintiffs first amended complaint.
The request to revise Count I to require the plaintiffs to set forth their claims against each defendant in separate counts is granted. More than one defendant may be named in the same count to the extent the alleged cause of action is common to the named defendants. Additionally, the request that the plaintiffs reformulate Count I so that it is directed only against one defendant, or more than one if the cause of action against more than one is identical, is granted. While the court does not have a general aversion to an initial omnibus count as a manner of pleading, in a matter in which all the allegations against different defendants are not identical, such a common count may, in fact, be unnecessarily confusing. It is in this case. CT Page 3864
The court's ruling on Count I should make separate rulings on Count II and Count III unnecessary. They should be revised in accordance with the court's ruling concerning Count I.
The defendants' request to revise Count IV is granted. The separate causes of action in this count should be reformulated into separate counts, giving the defendants an opportunity to respond separately to each of them.
The defendant Day Kimball Hospital has also filed a request to revise.
The plaintiff shall reformulate Count I so that it contains allegations of liability directed against just one defendant, or more than one defendant only if the allegations of liability against all defendants are common to all named defendants. With respect to Count V, the plaintiffs are ordered to set forth liability allegations as to each plaintiff in separate counts. Allegations of failure to diagnose and to treat, as to the same plaintiff, may remain combined in the same count as they simply set forth facts in support of the plaintiffs' theory of liability. The defendant's request that the plaintiff specify the "medical condition" of the child which the defendant allegedly failed to treat is granted. The defendant's request to revise the language "appropriate and safe manner and environment" is denied as this allegation sufficiently informs the defendant of the plaintiffs claims, and the requested information may more properly be obtained through discovery. The defendant's request that the plaintiffs separate their claims relating to a "safe and appropriate manner" from their claims relating to an "appropriate and safe. .environment" are denied as is the defendant's request that the plaintiffs be required to specify what type of "environment" in the plaintiffs claim labor should have occurred. With respect to the latter, this information is better obtained through discovery and is not necessary, as a matter of pleading, to reasonably appraise the defendant of the nature of the plaintiffs' claims. As to the former, those allegations are no more than specifications of the plaintiffs' theory of failure to "appropriately monitor, recognize, detect and treat the plaintiff . . ." and the plaintiffs' allegations concerning "fetal distress" are all factual allegations in support of the plaintiffs' theory of liability. To the extent the defendants require additional information in order to adequately respond to these allegations, such information is better obtained through the discovery process. The defendant's request that the plaintiff CT Page 3865 separate the claim that the defendant failed to recognize the plaintiff-mother's uterine rupture from the claim that the defendant failed to adequately treat her conditions is denied.
The defendant's request that the plaintiffs' claims of bystander emotional distress and parental consortium be separated into distinct counts is granted.
Thomas A. Bishop, J.